<u>NOT FOR PUBLICATION</u>                                              (Docket No. 11)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

```
_____
                              :
RAHIM CALDWELL,               :
                              :
          Plaintiff,          :    Civil No. 06-922 (RBK)
                              :
     v.                       :    OPINION
                              :
CARMEN A. MALAGHAGGI,         :
                              :
          Defendant.          :
_____:
```

**KUGLER**, United States District Judge:

Before the Court is a motion by Defendant Carmen A. Malaghaggi ("Defendant") for summary judgment against pro se Plaintiff Rahim Caldwell ("Plaintiff"). For the reasons expressed below, the Court grants Defendant's motion as to Plaintiff's neglience claims.

### I. Background

Defendant served as the Municipal Public Defender for the Borough of Newfield, New Jersey. The municipality appointed Defendant to represent Plaintiff in a matter pending in Newfield Municipal Court.  That matter concluded on May 2, 2005.

On March 6, 2006, Plaintiff filed a complaint in the United States District Court for the District of New Jersey

against Defendant alleging "legal malpractice, misrepresentation, false representation and negligence" against Defendant. Plaintiff also appears to allege a violation of his Sixth Amendment right to counsel, presumably pursuant to 42 U.S.C. § 1983.

**II.  Standard of Review**[1]

In reviewing a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle them to relief.  Burstein v. Ret. Account Plan of Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d. Cir. 2003) (citation omitted).

**III.  Analysis**

Defendant moves for summary judgment as to Plaintiff's malpractice claims in the complaint because Plaintiff failed to serve an affidavit of merit, as required by New Jersey's Affidavit of Merit Statute, N.J.S.A. § 2A:53A-27 et seq. (the "Statute").

---

[1]  Defendant moves for summary judgment.  However, the Court deems this a motion to dismiss.

2

The Statute provides

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. § 2A:53A-27.[2]

The legislature intended the Statute to "weed out frivolous lawsuits early in the litigation while, at the same, ensuring that plaintiffs with meritorious claims will have their day in court." Ferreira v. Rancocas Orthopedic Assoc., 836 A.2d 779, 782-83 (N.J. 2003). A plaintiff must file an affidavit of merit within 120 days of filing the defendant's answer or the plaintiff "face[s] dismissal of the complaint with prejudice, absent some equitable justification." Knorr v. Smeal, 836 A.2d 794, 798 (N.J. 2003); see also Chamberlain v. Giampapa, 210 F.3d 154, 162 (3d Cir. 2000) (holding that affidavit requirement has been excused only under exceptional and compelling circumstances).

---

[2] The application of the Statute is enforceable in federal court when New Jersey law applies. Chamberlain v. Giampapa, 210 F.3d 154, 156 (3d Cir. 2000).

New Jersey courts use a "a fact-sensitive case-by-case analysis" when determining whether extraordinary circumstances exist so as to rise to the level of equitable justification. See, e.g., Hartsfield v. Fantini, 695 A.2d 259, 263 (N.J. 1997); Burns v. Belafsky, 741 A.2d 649, 653 (N.J. Super. App. Div. 1999) (stating "lack of diligence on the part of counsel" insufficient to constitute "extraordinary circumstances"). In Palanque v. Lambert-Woolley, 774 A.2d 501 (N.J. 2001), the New Jersey Supreme Court held that "attorney inadvertence would not constitute extraordinary circumstances" to excuse the late filing of the affidavit of merit. Id. at 505.

Moreover, the Statute does not excuse indigent pro se litigants from its requirements. "Procedural rules are not abrogated or abridged by plaintiff's pro se status." Rosenblum v. Boro. of Closter, 666 A.2d 1006, 1011 (N.J. Super. App. Div. 1995). If litigants choose to represent themselves, "they must understand that they are required to follow accepted rules of procedure promulgated by the Supreme Court to guarantee an orderly process. Such litigants are also presumed to know, and are required to follow, the statutory law of this State." Tuckey v. Harleysville Ins. Co., 565 A.2d 419, 421 (N.J. Super. App. Div. 1989).

In this case, Plaintiff has yet to file an affidavit of merit. Plaintiff's situation, as a pro se litigant, is akin to

those cases where the New Jersey courts held that attorney inadvertence is not an "extraordinary circumstance."  As previously discussed, Plaintiff's status as a pro se litigant does not excuse him from the procedural requirements of the Statute.  See Horne, 2007 WL 683945, at *1 ("[Plaintiff's] pro se status does not excuse his failure to comply with the affidavit of merit requirement."). Therefore, the Court grants Defendant's motion to dismiss Plaintiff's professional malpractice claims.

**IV. Conclusion**

For the reasons stated above, the Court grants Defendants' motion to dismiss.  However, Plaintiff's claims that do not allege negligence remain.

Dated: 7/17/2007             s/Robert B. Kugler
                             ROBERT B. KUGLER
                             United States District Judge

5