NOT FOR PUBLICATION (Docket No. 23)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
RAHIM CALDWELL,                     :
                                    :
         Plaintiff,                 :     Civil No. 06-922 (RBK)
                                    :
     v.                             :     **OPINION**
                                    :
CARMEN A. MALAGNAGGI,               :
                                    :
         Defendant.                 :
_____ :

**KUGLER**, United States District Judge:

Before the Court is a motion by Defendant Carmen A. Malagnaggi ("Defendant") to dismiss any remaining claims of pro se Plaintiff Rahim Caldwell ("Plaintiff"). For the reasons expressed below, the Court grant Defendant's motion.

**I.    BACKGROUND**

The Court has set forth the facts of this case in the prior Opinion of July 17, 2007. Caldwell v. Malagnaggi, Civ. No. 06-922, 2007 WL 2085355 (D.N.J. July 17, 2007). Defendant served as the Municipal Public Defender for the Borough of Newfield, New Jersey. The municipality appointed Defendant to represent Plaintiff in a matter pending in Newfield Municipal Court. That matter concluded on May 2, 2005. On March 6, 2006, Plaintiff filed a complaint in the United States District Court for the District of New Jersey against Defendant

1

alleging "legal malpractice, misrepresentation, false representation and negligence" against Defendant, in addition to violations of the Sixth Amendment.

On July 17, 2007, this Court dismissed Plaintiff's negligence claims for failure to file an affidavit of merit as required by New Jersey's Affidavit of Merit Statute, N.J.S.A. § 2A:53A-27 et seq. Plaintiff's claims not alleging negligence, specifically Plaintiff's allegations regarding the violation of his Sixth Amendment right to counsel, were not dismissed.

Defendant now moves to dismiss any remaining claims, arguing that the July 17, 2007 Opinion and Order effectively dismissed all claims. That Order permitted all of Plaintiff's claims not alleging negligence to survive, and Defendant argues that because all of Plaintiff's claims "sound in malpractice or negligence against a licensed person" they have all been dismissed. (Def.'s Br. at 4.) Defendant also argues that the allegations regarding the Sixth Amendment right to counsel should be dismissed because such allegations are properly "against the Newfield Municipal Court, if at all." (Def.'s Br. at 3.) Plaintiff has not opposed this motion.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1994)). The Court may dismiss the Complaint only if Plaintiff can prove no set of facts that would entitle him to relief. Burstein v. Ret. Account Plan of Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d. Cir. 2003) (citation omitted).

**III.     ANALYSIS**

The prior Opinion dismissed Plaintiff's legal malpractice claims and noted that Plaintiff's claims "that do not allege negligence remain." Defendant now argues that the remainder of Plaintiff's claims allege negligence and so should be dismissed.

**A.     Sixth Amendment Claims**

Defendant seeks dismissal of Plaintiff's claim for the violation of his Sixth Amendment right to the effective assistance of counsel. Defendant argues that this claim, if at all proper, is proper only against the Newfield Municipal Court. Because this claim is an allegation of the violation of a constitutional right, it is pled through 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Defendant cannot be subject to liability under § 1983 because he is not a state actor. A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Even if Plaintiff had pleaded facts establishing that Defendant was acting under color of state law, his claim alleges nothing more than a violation of his right to effective assistance of

counsel. Such a claim, based on Defendant's alleged negligence in his representation of Plaintiff in the municipal court matter, must first be raised in that proceeding; a federal court generally will not intercede to consider an issue the Plaintiff has an opportunity to raise before the state court. Younger v. Harris, 401 U.S. 37 (1971). Moreover, to the extent that Plaintiff's municipal case is no longer pending, and he has been sentenced on the summons there, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, i.e., by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel. Preiser v. Rodriguez, 411 U.S. 475 (1973). There is nothing alleged in the Complaint to indicate that Plaintiff has appealed his conviction or sentence to the New Jersey Appellate Division and exhausted his state court remedies.

Because Defendant was not acting under color of state law when he represented Plaintiff in Newfield Municipal Court, Plaintiff's claims under the Sixth Amendment are dismissed.

### B. Misrepresentation and False Representation

Defendant argues that Plaintiff's claims of misrepresentation and false representation are based on a theory of malpractice and have already been dismissed by the Court's prior Opinion.

Plaintiff does not indicate if he alleges that Defendant's misrepresentations were made intentionally or negligently. To the extent the allegations are of negligent misrepresentation, these claims are related to professional malpractice and are dismissed in accordance with the Court's prior Opinion and Order. To the extent these claims allege intentionally false representations, or common-law fraud, Plaintiff may state a claim under state law without

needing an affidavit of merit.  See Fink v. Ritner, 318 F. Supp. 2d 225, 230 (D.N.J. 2004) (holding that if plaintiff's allegations against attorney are based in fraud, then showing of deviation from standard of care will not be part of proof and affidavit of merit is not required); Couri v. Gardner, 801 A.2d 1134, 1137-38 (2002).  Claims alleging intentional misrepresentation would therefore not be barred by the prior Opinion and Order.

However, all claims based in federal law have been dismissed from the case, and there are no allegations that the parties have diverse citizenship.  The Court finds that no claims over which this Court has original jurisdiction remain, and any remaining claims are dismissed.  28 U.S.C. § 1367(c)(3); see Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) ("where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so"); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

IV.     CONCLUSION

For the reasons stated above, the Court grants Defendant's motion.  The remainder of Plaintiff's Complaint is dismissed in its entirety.


Dated:   July 14, 2008                                 /s/ Robert B. Kugler
                                                 ROBERT B. KUGLER
                                                 United States District Judge